UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:14-cr-460-T-33TBM

STEVEN STALTARE

_____/

## ORDER

This cause is before the Court pursuant to Defendant Steven Staltare's pro se "Motion for Modification of Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. # 53), filed on April 30, 2020. The United States of America responded on May 8, 2020. (Doc. # 55). For the reasons that follow, the Motion is denied without prejudice.

## I.   Background

On September 16, 2015, the Court sentenced Staltare to a term of imprisonment of 37 months for tax evasion, in violation of 26 U.S.C. § 7201. (Doc. # 42). That term was to run consecutively to a sentence of 77 months from an unrelated conviction in the Southern District of New York. (Id.). Staltare surrendered to commence the service of that term of imprisonment on April 29, 2016. (Doc. # 52).

1

In his Motion, Staltare seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical issues. (Doc. # 53). He alternatively requests "placement on home confinement" or "modification of the sentence so that the 37 months is to run concurrently with the 77 month sentence." (Id. at 2). The United States responded on May 8, 2020 (Doc. # 55), and the Motion is ripe for review.

## II.  Discussion

As an initial matter, Staltare asks in his Motion for the Court to grant him home confinement. (Doc. # 53 at 2). But the Court has no authority to direct the Bureau of Prisons (BOP) to place Staltare in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut

decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]").

Thus, the Court agrees with the United States that Staltare's request for home confinement falls outside Section 3582(c)'s grant of authority. Additionally, the Court agrees with the United States that it cannot modify Staltare's sentence so it will run concurrently with the sentence imposed by the Southern District of New York. (Doc. # 55 at 13). Staltare's Motion is denied as to these requested forms of relief.

To the extent that Staltare also requests compassionate release from prison, the United States argues that the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Id. at 2). Because the Court agrees that Staltare has failed to exhaust his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Staltare argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all**

3

> **administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Staltare does not allege that he has exhausted his administrative remedies. Nor has he provided documentation showing that he has made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the BOP. Rather, Staltare argues that the administrative exhaustion requirement should be waived in light of the COVID-19 pandemic. (Doc. # 53 at 2).

The Court disagrees and finds that the administrative exhaustion requirement may not be waived. Section 3582(c)(1)(A) defines mandatory conditions precedent to a defendant filing a motion for compassionate release, unambiguously stating that a defendant can bring a motion to court only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, Section 3582(c)(1)(A) mandates exhaustion. While the statute explicitly provides for one exception to exhaustion, i.e., the lapse of 30 days, it does not provide for any judicially created exceptions. Absent such a provision, Supreme Court precedent dictates that it is not within a court's discretion to waive or excuse the failure to satisfy a statute's exhaustion requirement. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016)(instructing in the PLRA context that courts may not excuse a failure to exhaust, even to take special circumstances into account, when a statute mandates exhaustion and does not include any exceptions or limitations to exhaustion).

Further, although the Eleventh Circuit and other appellate courts have yet to squarely address whether Section 3582(c)(1)(A)'s exhaustion requirement is subject to waiver or excuse in the unique circumstances of the COVID-19 pandemic, a majority of district courts have concluded that it is not. See, e.g., United States v. Cassidy, No. 17-CR-116S, 2020 WL 1969303, at *5 (W.D.N.Y. Apr. 24, 2020)(collecting cases and finding that Section 3582(c)(1)(A)'s exhaustion requirement must be strictly enforced and is not subject to judge-made exceptions); United States v. McCallister, Cr. No. 13-00320-01, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020)(finding that Section 3852(c)(1)(A) does not provide a court with the equitable authority to excuse a defendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period); United States v. Vence-Small, 2020 WL 1921590, at *1 (D. Conn. Apr. 20, 2020)(concluding court lacked authority to excuse or waive Section 3582(c)(1)(A)'s exhaustion or lapse requirements).

Thus, Staltare has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his]

6

facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

Therefore, Staltare's Motion must be denied without prejudice to the extent it seeks compassionate release. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

While Staltare's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/ 20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Steven Staltare's pro se "Motion for Modification of Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. # 53) is **DENIED** without prejudice for

8

failure to exhaust administrative remedies to the extent it seeks compassionate release, and is **DENIED** to the extent it seeks other forms of relief.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE